THE BOARD OF COMMISSIONERS OF SHAWNEE COUNTY V.
THE TOPEKA EQUIPMENT COMPANY.

1. RAILROAD ROLLING STOCK, *Taxation of.*   Under the provisions of ch. 34'
Laws of 1876, relating to assessment and taxation, a railroad company
organized under the laws of this state, and operating its road within the
state, must return to the auditor of state a full list of all the rolling stock
operated by the company, whether owned or leased by the company;
and the company operating or using such rolling stock is liable for the
taxes due thereon.

2. ASSESSMENT, *by Whom Made.*   After such list of the rolling stock is re-
turned to the auditor of state, the board of railroad assessors are the of-
ficials to make the assessment of such property, and the property is to
pay taxes to the various counties through which the railroad is located
and operated.

3. LEASED ROLLING STOCK, *Assessment of.*   Where a company is carrying
on business in this state, and is the owner of rolling stock adapted for
use upon railroads, and such rolling stock is actually leased to and op-
erated by a railroad corporation organized under the laws of this state,
and operating its road within this state, such rolling stock is to be listed
with the auditor of state by the railroad corporation, and to be assessed
by the board of railroad assessors, and need not be listed by the com-
pany owning the same in the county where it is doing business.

*Error from Shawnee District Court.*

ACTION brought by the *Topeka Equipment Company* against
the *Board of Commissioners of Shawnee County,* the treasurer
of state, and the auditor of state, to determine where and by
whom certain property belonging to the plaintiff should be
assessed.   Trial by the court, upon an agreed statement of
facts, at the May Term, 1878, when the court adjudged that the
assessment of said property for 1878, made by the assessor of
the city of Topeka, be annulled, and that the plaintiff re-
cover costs of the Board of Commissioners.   *The Board*
brings the case here.

*A. H. Vance,* county attorney, for plaintiff in error.
*Geo. R. Peck,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The Topeka Equipment Company is an existing corporation, organized under the laws of the state of Kansas, having its principal place of business in the city of Topeka, in the county of Shawnee. As such corporation, on March 1, 1878, it was the owner of certain railroad rolling stock, consisting of locomotives, passenger cars, etc., of the value of $191,700; and at such date, and a long time prior thereto, all this property was leased to the Atchison, Topeka & Santa Fé railroad company, then owning and operating a railroad in this state, from Atchison to the west line of the state. The railroad company, in pursuance of the provisions of §§ 25 to 38, inclusive, of ch. 34, Laws of 1876, made a return of all this property to the state board of assessors for taxation for the year 1878. The state board of assessors appraised and assessed the same at its valuation, and the auditor of state made returns to the clerks of each county in which any portion of said railroad was located, so that the property would be taxed in the counties along the line of the road. The property was also assessed by the assessor of the city of Topeka, Shawnee county, as was alleged under the provisions of §§ 4 to 12 of said act of 1876. The question at issue is, whether the rolling stock of the Topeka Equipment Company, leased and operated by the Atchison, Topeka, & Santa Fé railroad company, is to be assessed by the state board of railroad assessors, or by the assessor of the city of Topeka. In brief, whether this property should be taxed in the various counties through which the Atchison, Topeka & Santa Fé railroad is located and operated, or in Shawnee county only. Sec. 29, ch. 34, Laws of 1876, reads as follows:

"On or before the twentieth day of March, eighteen hundred and seventy-six, and at the same time in each year thereafter, the person, company or corporation owning, operating or constructing any railroad in this state shall, by its president, secretary, or principal accounting officer, return to the auditor of state a sworn statement or schedule, as follows:

*First*, Of the right of way, track and road-bed, giving the entire length of the main track in this and other states; and showing the proportion in each city, township, and county, and total in this state. *Second*, The length of each side or second track and turnouts, and aggregate length of such second or side tracks and turnouts, together with the name of the city, township, and county, in which such side or second tracks and turnouts, are each located. *Third*, A complete list, giving size, location, (as to city, township, and county,) material and value of all depots, station houses, machine shops, or other buildings, situated wholly or in part on right of way, together with all platforms, fuel and water stations, and the machinery and tanks connected therewith. *Fourth*, Showing the number of ties in track per mile, the weight of iron or steel rails per yard used in main or side tracks, what joints or chairs are used in track, the ballasting of road, whether with gravel or dirt, the length of time iron has been used, and the length of time the road has been built. *Fifth*, A full list of the rolling stock belonging to or operated by the person, company, or corporation, which shall distinctly set forth the number, class, and value of all locomotives, passenger cars, sleeping cars, dining cars, express cars, mail cars, baggage cars, horse cars, cattle cars, coal cars, platform cars, wrecking cars, pay cars, and all other kind of cars owned or leased by said company. *Sixth*, A statement or schedule showing, first, the amount of capital stock authorized, and the number of shares into which such capital stock is divided; second, the amount of capital stock paid up; third, the market value of such stock, or if no market value, then the actual value of the shares of stock. *Seventh*, A correct detailed inventory of the number, kind, and value, of all tools and material used for repairs, and of all other personal property."

And section 30 provides:

"All sleeping, dining, palace, or other cars, that make regular trips over any railroad in this state, and not owned by such railroad company, shall be listed by the manager, agent or conductor, or other person having such cars in charge, and return made to state auditor the same as is required of railroad companies, and the company operating or using said cars shall be held liable for the taxes due thereon."

Subdivision 5 of sec. 29 requires the rolling stock situated as that in controversy to be returned to the auditor of state;

and § 30 specifically requires the railroad company having this property in charge, to make a return to the auditor, and makes the company operating or using said property, liable for the taxes due thereon, and therefore, by the provisions of the act of 1876, the property is assessable by the state board of railroad assessors, and not by the assessor of the city of Topeka.

Counsel representing the county of Shawnee calls our attention particularly to § 12, as amended in ch. 37, Laws of 1877. This reads as follows:

"SEC. 12. No person shall be required to include in the list of personal property, any portion of the capital stock of any company or corporation which is required to be listed by such company or corporation; but all incorporated companies except banks and banking associations, manufacturers and mining companies, shall be required to list by their designated listing agent in the township or city where the principal office of such company is kept, the full amount of stock paid in and remaining as capital stock, at its true value in money, and such stock shall be taxed as other personal property: *Provided,* That such amount of stock of such companies as may be invested in real or personal property, in the state of Kansas, which, at the time of listing said capital stock, shall be particularly specified and given to the assessors for taxation, shall be deducted from the amount of said capital stock."

This section, however, is not in conflict with the sections quoted, and refers to the amount of stock paid in, and remaining as capital stock. It has no application to rolling stock of a corporation leased to a railroad company, and in use by such company.

The judgment of the district court must be affirmed.

All the Justices concurring.